101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert VINES, Plaintiff-Appellant,
v.
Dan BUCHLER, et al., Defendants-Appellees.
 No. 96-1677.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Oct. 31, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Robert Vines brought two actions against various officials at the Racine Correctional Institution alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. The district court consolidated the cases and cross motions for summary judgment were filed. Adopting the recommendation of the magistrate judge, the district court granted defendant's motion for summary judgment. We affirm.
 
 
 2
 The Court of Appeals reviews grants of summary judgment de novo. Todd by Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1179 (7th Cir.1991). Rule 56 provides that summary judgment is appropriate where the record indicates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). On both claims, even after numerous amended complaints and the submission of a variety of other supplemental materials, Vines failed to allege any facts which support an Eighth Amendment cause of action.
 
 
 3
 The basis of Vines' actions is that prison officials at Racine Correctional Institution intentionally disregarded Vines' serious medical needs, associated with his ongoing and painful back condition, in order to cause him further harm. In the first case Vines was denied his back brace for nearly seven weeks while in segregation. In the second case Vines was ordered to perform work on a sod-laying crew. Vines argues that both of these incidents are the result of the defendants' deliberate indifference to his serious medical needs in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 4
 The deliberate indifference rule is a high standard. For purposes of the Eighth Amendment, deliberate indifference is not negligence, nor is it gross negligence. Haley v. Gross, 86 F.3d 630, 644 (7th Cir.1996). Nor is it medical malpractice. Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir.1990). Instead, deliberate indifference requires a certain culpable mental state comparable to criminal recklessness. Wilson v. Seiter, 501 U.S. 294, 302 (1991). It is a subjective standard, requiring that the defendant actually knew of an excessive risk of harm and consciously disregarded that risk, or that he knew of facts from which he inferred the risk, and then intentionally disregarded that risk. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 5
 For Vines to raise a cognizable Eighth Amendment claim, he needed to allege facts that would indicate that prison officials denied him his back brace knowing it would cause him terrible suffering. In his second suit, Vines needed to allege facts that would suggest that prison officials forced him to work knowing he would be in great pain and likely become injured. Nothing alleged in the record supports either contention.
 
 
 6
 On the contrary, the back brace was not allowed into segregation for security reasons. While in segregation Vines continued to be taken out of the prison to receive ongoing medical treatment for his back condition. When Vines processed a complaint it ultimately resulted in the return of his back brace, even though he was housed in segregation and even though medical reports were inconclusive as to any pain relief the brace would provide. The subjective component of deliberate indifference is clearly lacking in this case. When prison officials became aware of Vines' condition they did not disregard their knowledge of his condition but instead took steps to accommodate his health needs.
 
 
 7
 Similarly, when Vines was assigned to work with the crew laying sod, his protests were answered with investigation. The officials involved checked his record and saw only that he was noted as being unable to shovel snow. A phone call to the health unit was made and the official was told Vines had no work restrictions. Again, no culpable intentions on the part of prison officials can be found on these facts. The information collected about Vines' medical condition did not suggest he was unfit for the sod-laying project, and thus, the defendants had no knowledge of a risk of harm to disregard. Indeed, Vines concedes this in his merits brief. (P-App.B. 8).
 
 
 8
 Vines next argues that defendants lied about calling the health unit. This contention is unsupported. Similarly, Vines' argument that the work crew was supposed to be made up of volunteers and that he was wrongly ordered to work on the crew is also not relevant to the deliberate indifference analysis since, even if true, it fails to suggest that Vines was ordered to work in spite of actual knowledge that he would be injured when doing so.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)